THE NASSAU BANK

*v.*

EDWARD G. BROWN and others.

By the general corporation act of 1849, the directors of any corporation organized thereunder were, in certain cases, by their non-feasance, rendered personally liable for the debts of the corporation. By the revision of 1875, it was provided that such liability should be incurred in case of neglect or refusal for thirty days after written

Nassau Bank *v.* Brown.

request by a creditor or stockholder to perform the duty imposed. A demurrer to a bill by a creditor, whose claim arose in 1877, was sustained, because of failure to allege that a written request to perform this duty had been made.

Bill for relief.    On general demurrer to bill.

*Mr. F. T. Frelinghuysen,* for demurrants.

*Mr. W. S. Whitehead,* for complainant.

THE CHANCELLOR.

The bill is filed to establish and enforce the personal liability of the defendants for non-performance of their official duties as directors of a corporation, The Eastern Manufacturing Company, created under the act to authorize the establishment and prescribe the duties of companies for manufacturing and other purposes, approved March 2d, 1849, and the supplements thereto. *Nix. Dig.* 534. The nineteenth section of that act provides that the president and directors, with the secretary and treasurer of each company created under the act, shall, within thirty days after the payment of the last installment of the capital stock fixed and limited by the company in its certificate of incorporation, make a certificate, stating the amount of capital so fixed and paid in in cash, which certificate shall be signed and sworn or affirmed to by the president, secretary and treasurer, and a majority of the directors, and that they shall, within the thirty days, cause the certificate to be recorded in a book to be kept for that purpose in the office of the clerk of the county wherein the business of the company is conducted, or where its principal place of business or office is located; and, also, cause it to be published for three weeks in a newspaper circulating in that county. The twentieth section provides that if any of the companies shall increase their capital stock, as before provided for in the act, the officers mentioned in the nineteenth section shall,

Nassau Bank *v.* Brown.

within thirty days after the payment of the last installment of such additional stock, make a certificate of the amount so added and paid in in cash, and sign and swear or affirm to it, and cause it to be recorded and published in the manner provided in the nineteenth section. The twenty-first section provides that if any of those officers shall neglect or refuse to perform the duties required of them by the nineteenth and twentieth sections, or if the certificate shall be untrue, they shall be jointly and severally liable for all debts of the company contracted after the expiration of the thirty days and before the certificate shall be recorded. The bill alleges that, although the capital stock fixed and limited in the certificate of incorporation was fully paid in in cash, and although the capital was subsequently, in May, 1875, increased, and the additional stock also fully paid in in cash, the officers on whom, by the act, the duty was devolved, did not, nor did any of them, within the time fixed by law therefor, or at any time, perform or discharge any of the duties required of them by the nineteenth and twentieth sections, and that the defendants were all the while directors of the company.

By the act of 1875, concerning corporations, approved April 7th, 1875 (*Rev.* p. 175), the provisions of the before-mentioned act were revised, and while the same duties were imposed on the same officers of such companies in respect to the same matters, the provisions as to the personal liability for failure were so altered as to render the officers liable only in case of neglect or refusal for thirty days after written request by a creditor or stockholder to perform the duty imposed. The question is, whether the defendants, who were directors from the organization of the company, and when the complainant's debt was contracted (which was not until 1877, however,) are, on the averments of the bill, personally liable for the debt for non-compliance with the provisions of the act, the bill making no allegation that the officers refused, after request, nor, indeed, that any request was ever made.

By the revision, the act of 1849 and the supplements were, in terms, repealed, with proviso that no company established under them, or any of them, or any person having claims or demands against such company, should be affected by the repeal. It is argued that the proviso excludes all such companies from the operation of the provisions of the revision, and is equivalent to a legislative declaration that they are still to be governed, and the obligations and liabilities of their officers to continue to be fixed, by the act of 1849 and its supplements. From the time of the approval of the act of 1875 (the revision) the companies organized under the act of 1849 were governed by the act of 1875. It was not only *in pari materia,* but it was a revision, and the change before referred to as to the requisites to fix the personal liability of the officers is to be regarded just as an amendment to the act of 1849 to the same effect would have been. The repeal was for the purposes of revision merely, and when, in the revision, an alteration was made as to the requisites to fix upon the officers personal liability in respect of neglect or refusal to discharge a duty imposed by the act, while it affected no vested right of the company, nor did it deprive it of any privilege, it did affect the relations of the officers towards the creditors of the company who might become such after the revision should have gone into effect. The case differs from that of *Freehold Mutual Loan Association* v. *Brown,* 2 *Stew.* 121, in this: The question there was, whether the complainant corporation had been deprived, by the revision of the act under which it was created, of a privilege to take premiums for priority of loans because, in the revision, the provision that the taking of such premiums should not be deemed to be usurious was omitted, while here it is not as to the retention by the corporation of a special privilege, but as to the liability of officers to creditors of a company for non-feasance. In that case it was a question as to a privilege of the corporation, which it was held had not been expressly or by implication taken away; here it is as to a

regulation fixing, by way of penalty, the liability of officers to the creditors of the corporation for failure to discharge official duty. It was held, in that case, that the mere omission to enact in the revision the provisions that "no premium given for priority of loan, or acquisition of a building or discount, given on the redemption of shares, should be held to be usurious," did not, under the circumstances, deprive the complainants of the benefit of the premium.

The demurrer will be sustained.